**Charanjit SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–702216.

Agency No. A72–680–896.

United States Court of Appeals, Ninth Circuit.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Feb. 17, 2004.*

Decided Feb. 24, 2004.

Earle A. Sylva, Rai Law & Associates, PC., Tsz-Hai Huang, Hardeep S. Rai, Earle A. Sylva, TSZ-Hai Huang, Rai & Assoc., San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Robbin K. Blaya, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Charanjit Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals summarily affirming the immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

We review the IJ's factual findings for substantial evidence, and we must uphold the findings unless the evidence compels a contrary result. *Singh v. Ashcroft,* 351 F.3d 435, 442 (9th Cir.2003) (Convention); *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003) (adverse credibility).

Singh admitted to lying about his identity in both the 1993 asylum application and a subsequent work authorization, both executed under oath. Singh did not correct his name with the Immigration and Naturalization Service until May 1999, shortly before his asylum interview. "Given the petitioner's admitted history of dishonesty, the immigration judge's decision to give his testimony 'very little weight' was the only reasonable one." *Sarvia–Quintanilla v. INS,* 767 F.2d 1387, 1393 (9th Cir.1985). Substantial evidence therefore supports the IJ's adverse credibility finding and denial of Singh's asylum application. *Cf. Farah,* 348 F.3d at 1156 (upholding adverse credibility finding where the IJ's "credibility findings went to key elements of the asylum application, including identity, membership in a persecuted group, and date of entry in the United States.")

Because Singh failed to establish eligibility for asylum, he also failed to satisfy the more stringent standard for withholding of removal. *See id.*

Substantial evidence also supports the IJ's conclusion that Singh is not entitled to relief under the Convention because he failed to demonstrate that it is more likely than not that he will be tortured if returned to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.